

CLERK OF COURTS
COMMON PLEAS COURT
PERRY COUNTY, OHIO
105 NORTH MAIN STREET, PO BOX 67
NEW LEXINGTON, OHIO 43764

## *S U M M O N S*

**SEAN MCINTYRE**

Plaintiff,

Vs.                                                    CASE NO.   **23-CV-00015**

**Andrew Love**

Defendant

**Perry County Sheriff's Dept**

**110 W. Brown St.**

**New Lexington, Oh 43764**

To the above named **DEFENDANT**:

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the **PLAINTIFF** named herein.

You are required to serve upon the **PLAINTIFF'S** attorney, or upon the **PLAINTIFF** if he has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.   Said answer must be filed with this court within three days after service on **PLAINTIFF'S** Attorney.

The name and address of the **PLAINTIFF'S** attorney is as follows:

**PRO SE**

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

*Wesley T. Harlan,*
*Clerk of Courts*

*Dated:   January 20, 2023*                    By

*Clerk / Deputy Clerk*

Rec'd
1-30-23
(M.H.)

Sean lawsuit  11000 Ogg rd text_0 corning OH 43730

RECEIVED
PERRY COUNTY

2023 JAN 20 PM 1:48

WESLEY T HARLAN
CLERK OF COURT

Court of common pleas
Perry county, Ohio

Sean McIntyre
Address

Plaintiff

V.

23-CV-00015

Deputy Andrew Love
6650 Twp rd 329 se
Corning Ohio 43730
740-856-6680

And

Deputy John Doe
Address   unknown

And

Perry County Sheriffs Department
110 West Brown Street
New Lexington, Ohio 43764

And

Prosecutors office

New Lexington, Ohio 43764

And

9-1-1 center
121 West Brown Street
New Lexington, Ohio 43764

Defendants

(Top right side of page)
Case no.

Page 1

text_0

Judge:

~~Compliant and jury demand~~

In the same vein as so many national instances where Americans have
been confronted by law enforcement for engaging in their daily lives and doing
nothing illegal, this case is about the unsupportable and illegal profiling,
detention, accusing,
and interrogation of Americans by Police Officers, Sheriff Deputies and the
complicit actions of the prosecution attorneys office and Perry County Sherriffs
Department where it occurred.

Parties

     1.    Defendant Andrew Love ("Andy") is, and at all times relevant was, a
Deputy Sheriff of Perry County, Ohio.
     2.    Defendant Deputy John Doe is,  and at all times relevant was, a
Deputy Sheriff of Perry County, Ohio.
     3.    Defendant Perry County Sheriffs Department is, and at all times
relevant was the employer and training institution for Deputies.
     4.    Defendant Perry County Prosecutors Office is, and at all times
relevant was, the reporting institution of the call to the Perry County Sheriffs
Department.
     5.    Defendant Perry county 9-1-1 center is, and at all times relevant
was, the reporting institution of the call to the Perry County Sherriffs department

Page 2

Jurisdiction

     6.    Jurisdiction in this Court is proper.
     7.    The events that are the subject of this complaint occurred in Perry
County, Ohio.
     8.    This Court has concurrent jurisdiction over the federal claim.
     9.    The amount in controversy exceeds $15,000 (fifteen thousand
dollars).

Facts

     10.    On Wednesday December 22, 2021, at approximately 7:24 a.m., I, the
plaintiff was exercising outside the prosecuting attorney office as I do regularly.
     11.    There were no other persons present at the time until Deputy Andrew
Love showed up.

text_0

12.    Plaintiff is a 38 years old white male and a postal worker
13.    Plaintiff was dressed in dark grey color partially zipped up sweater/ jacket
14.    Before Deputy Andrew Love showed up, Deputy Love was given a basic description of what and who to look for.
15.    The description given to dispatch from the caller, in full context was;

"Dispatch: Perry county sheriffs office

Caller: hey it's me, hey do you have a deputy over there ?

Dispatch: yeah

Caller: uh can you send him over to our building, we got a uh person in the parking lot uh boxing mid air, he's out here seriously tweaking, so they said to send somebody over

Dispatch: he's out in the parking lot
Alright Andy's on his way

Caller: alright thank you

Dispatch: alright"

Caller: goodbye

16.    Plaintiff was not suspected of a crime by Deputy Andrew Love
17.    Upon information and belief, the call coming from the 9-1-1 center and or prosecutor's office was that someone was "tweaking" ie. On drugs, presumably
18.    Upon information and belief, the report of the alleged "tweaking" ie. On drugs, was communicated to Deputy Andrew Love by the Perry County Sherriff Dispatch.
19.    Despite the fact the plaintiff showed no known and or notable signs of being on drugs ( or tweaking) by the Deputy, the plaintiff didn't fit the description provided by the 9-1-1 center and the Sheriffs dispatcher, Deputy Andrew Love acted uncivilly, unlawfully, against policy, unconstitutionally and unprofessionally
20.    Plaintiff was told by Deputy Andrew Love, "you're about to get yourself hemmed up," Plaintiff asked, "for what?," Deputy Andrew Love said, " for not identifying yourself."
21.    When plaintiff questioned the Deputy about not wanting to provide his last name, the deputy said, "you are required to give ID when requested by an officer."
22.    Plaintiff stated to Deputy Andrew love, "I didn't break any law," the Deputy responded, "I didn't say you did."
23.    Deputy Andrew Love did not look for any other persons in the area that may have fit a description nor did Deputy Andrew Love ask if the plaintiff

Page 3

text_0
witnessed any activity

24.      Deputy Andrew Love knew or should have known based on his training and or experience that the plaintiff was not under the influence of any substances and or "tweaking"

25.      Upon information and belief, Deputy Andrew Love detained, arrested and interrogated and accused the plaintiff for being said suspect

26.      plaintiff was not questioned about the suspicious activity and or behavior of him or anyone else about the reported suspect

27.      During the arrest, detainment and false imprisonment of the plaintiff, Deputy Andrew Love never presented any evidence, information and or questions about the suspicious activity and or behavior.

28.      Plaintiff while under control of Deputy Andrew Love was required to give identification unconstitutionally before being free to go.

29.      Upon receiving the identification from the plaintiff, deputy Andrew Love lost interest in detaining the plaintiff

30.      Plaintiff, unaware of the report and or description of the actual subject of the criminal complaint during the encounter with the Deputy, followed the Deputies order to go to the plaintiffs work place at the postal building.  Deputy Andrew Love stated twice, "let's go talk to your boss" and again "let's go talk to your boss." Plaintiff believed this to be a lawful order and complied.

31.      Plaintiff observed Deputy Andrew Love had only one concern and it wasn't directed towards finding someone tweaking

32.      Upon information and belief and according to Deputy Andrew Love, Deputy Andrew Love falsely accused Plaintiff of not obeying the law at some point during the Officers' investigation.

33.      As a result of the conduct Plaintiff suffered physical harm, temporary loss of employment, anger, humiliation, embarrassment and emotional distress, ptsd, distrust in police and other public officials

34.      The Ohio identification law is, ORC 2921.29 and states:
"Ohio Revised Code
Section 2921.29 Failure to disclose personal information. Effective: April 14, 2006
Legislation: Senate Bill 9 - 126th General Assembly
(A) No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects either of the following:
(1) The person is committing, has committed, or is about to commit a criminal offense.
(2) The person witnessed any of the following:
(a) An offense of violence that would constitute a felony under the laws of this state;
(b) A felony offense that causes or results in, or creates a substantial risk of, serious physical harm to another person or to property;
(c) Any attempt or conspiracy to commit, or complicity in committing, any offense identified in division (A)(2)(a) or (b) of this section;
(d) Any conduct reasonably indicating that any offense identified in division (A)(2)(a) or (b) of this section or any attempt, conspiracy, or complicity described in division (A)(2)(c) of this section has been, is being, or is about to be committed.

text_0

(B) Whoever violates this section is guilty of failure to disclose one's personal information, a misdemeanor of the fourth degree.

(C) Nothing in this section requires a person to answer any questions beyond that person's name, address, or date of birth. Nothing in this section authorizes a law enforcement officer to arrest a person for not providing any information beyond that person's name, address, or date of birth or for refusing to describe the offense observed.

(D) It is not a violation of this section to refuse to answer a question that would reveal a person's age

 Page 1


or date of birth if age is an element of the crime that the person is suspected of committing."


COUNT ONE
False imprisonment

     35.    Plaintiff incorporates by reference the allegations above, as if fully restated herein.

     36.    Deputy Andrew Love, under the color of his authority as sheriffs Deputy intentionally detained the Plaintiff and questioned him about his identification and not about other allegations.

     37.    Based on the communication they received before going into the sidewalk, Deputy Andrew Love had no basis whatsoever to believe that Plaintiff was the subject they were looking for other than his presence.

     38.    Deputy Andrew Love questioned Plaintiff solely based on Plaintiff's presence, even though the subject they were looking for was reported to be "tweaking"

     39.    As Deputy Andrew love was in the process of investigating tweaking suspect, Plaintiff was not free to leave during the detention, detainment and or arrest.

     40.    Had Plantiff walked away during the questioning, Plantiff could have been subject to arrest for Obstruction of Official Business, a violation of Ohio Revised Code Section 2921.31, a second degree misdemeanor.

     41.    Deputy Andrew Loves' actions constituted an unlawful detention and false imprisonment

     42.    As a direct and proximate result of Deputy Andrew Loves' actions, Plaintiff suffered loss of temporary employment, anger, humiliation, embarrassment and severe emotional distress.


COUNT TWO
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

     43.    Plaintiff incorporates by reference the allegations above, as if fully restated herein.

     44.    Deputies' actions were not warranted and malicious.

     45.    Deputy Andrew Loves' conduct was extreme and outrageous.

text_0

46.     Deputy Andrew Love acted with specific purpose to cause Plaintiff to suffer Financial, emotional and physical harm.

47.     Deputy Andrew Loves' conduct had the actual effect of causing Plaintiff to suffer severe emotional distress during and after the incident.

48.     Plaintiff suffered severe emotional distress as a direct result of Deputy Andrew Loves' actions.

COUNT THREE
FIRST AMENDMENT - 42 USC Sec. 1983

49.     Plaintiff incorporates by reference the allegations above, as if fully restated herein.

50.     Upon information and belief, Deputy Andrew Loves actions, as alleged herein, were based upon Plaintiff's presence only and not actions or deputies observations

51.     Upon information and belief, Deputy Andrew Loves actions, as alleged herein, were based upon Plaintiff's unwillingness to give his last name or identification.

52.     Deputy Andrew Loves stopped, questioned and accused what appeared to be the only person in the Parking lot or sidewalk, despite clear information that the subject of the criminal investigation was alleged to be on drugs and or tweaking

53.     Deputy Andrew Loves, as Sheriff Deputy on duty and under the color of their authority as Sheriffs Deputy, are prohibited from detaining and questioning citizens with no legal justification to do so.

54.     Deputy Andrew Loves' actions, as alleged herein, are a clear and malicious violation of Plaintiff's Right to Freely record using his cell phone the actions of the Sheriffs Deputy.

55.     As a direct result of Deputy Andrew Loves' conduct, Plaintiff suffered financial loss, anger, humiliation, embarrassment, ptsd and severe emotional distress

56.     Deputy Andrew Loves are liable for all such harm.

COUNT FOUR
FOURTH AMENDMENT - 42 USC Sec. 1983

57.     Plaintiff incorporates by reference the allegations above, as if fully restated herein.

58.     Upon information and belief, Deputy Andrew Loves' actions, as alleged herein, were based upon A caller to report a person tweaking

59.     Deputy Andrew Loves stopped, questioned and accused what appeared to be the only person, despite clear information that the subject of the criminal investigation was on or suspected to be on drugs/ tweaking.

60.     The Deputy lied to the Plaintiff in order to justify the illegal detainment, arrest, unconstitutional conduct and go against the deputies own policy

61.     Defendants, as a Sheriffs Deputy on duty and under the color of their authority as Sheriffs Deputy, are not allowed to detain and arrest citizens with no legal justification to do so.

62.     Defendants' actions, as alleged herein, are a clear and malicious

text_0

violation of Plaintiff's Right to be Free from Unreasonable Seizure protected by the Fourth Amendment, made applicable to the states through the Fourteenth Amendment of the U.S. Constitution.

63.    As a direct result of Defendants' conduct, Plaintiff suffered financial loss, anger, humiliation, embarrassment and severe emotional distress.

64.    Defendants are liable for all such harm.


COUNT FIVE
DISCRIMINATION


65.    Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

66.    Deputy Andrew Love exhibited criminal and unprofessional animus in his treatment of the Plaintiff.

67.    Deputy Andrew Love treated Plaintiff in a discriminatory manner based solely upon Plaintiff's race and his presence, as evidenced in Defendants' actions and words toward Plaintiff. See video and or audio

68.    The treatment was malicious, in bad faith and done in complete violation of R.C. 4112.02(G).

69.    Defendants' actions were taken on behalf of Defendants, 9-1-1 center/ prosecutors office then from the Perry County Sheriff Dispatcher.

70.    As a direct and proximate consequence of Defendants' treatment of Plaintiff, Plaintiff suffered employment loss, anger, humiliation, embarrassment and severe emotional distress.

71.    Defendants are liable to Plaintiff for Plaintiff's damages.


COUNT SIX
CONSPIRACY


72.    Plaintiff incorporates by reference the allegations above, as if fully restated herein.

73.    Defendants 9-1-1 center and/ or the prosecutors office and/ or Defendant Perry County Sheriffs Department and Deputy Andrew Love worked together to cause the false imprisonment of or to Plaintiff.

74.    Defendants Perry County Sheriff Deputy Andrew Love and Defendants Perry County Sheriffs Department representatives worked together to cause the violation of Plaintiff's constitutional rights.

75.    Defendants perry County Sheriffs Department representatives and Defendant deputy Andrew Love worked together to intentionally inflict emotional distress upon Plaintiff.

76.    The malicious combination of the Defendants constitutes an actionable conspiracy.


COUNT Seven
EIGHTH AMENDMENT - 42 USC Sec. 1983

text_0

77.    Plaintiff incorporates by reference the allegations above, as if fully restated herein.
78.    Defendants, as a Sheriffs Deputy on duty and under the color of their authority as Sheriffs Deputy, are prohibited from detaining and arresting citizens with no legal justification to do so.
79.    Plaintiff suffered unusual requirements by Deputy Andrew Love before being free to leave and or go.
80.    Plaintiff suffered consequences from Deputy Andrew Love for not providing identification even though it was not required by Ohio law and was arrested for it
81.    Defendant Deputy Andrew Love used force against plaintiff with no lawfully justification.
82.    Defendant Deputy Andrew Love acknowledged plaintiff was not suspected of a crime and required cruel and unusual participation.
83.    As a direct result of Defendants' conduct, Plaintiff suffered financial loss, anger, humiliation, embarrassment and severe emotional distress.
84.    Defendants are liable for all such harm.


COUNT EIGHT
THIRTEENTH AMENDMENT - 42 USC Sec. 1983

85.    Plaintiff incorporates by reference the allegations above, as if fully restated herein.
86.    Defendants, as a Sheriffs Deputy on duty and under the color of their authority and law  as Sheriffs Deputy, are prohibited from detaining and questioning citizens with no legal justification to do so.
87.    Plaintiff suffered unusual distress by Deputy Andrew Love before being free to leave.
88.    Plaintiff suffered consequences from Deputy Andrew Love for not providing identification even though it was not required by Ohio law.
89.    Defendants Deputy Andrew Love and the Perry County Sheriff's Department required plaintiff to involuntarily give up plaintiffs forth, fifth, ninth and fourteenth U.S Constitutional Rights.
90.    As a direct result of Defendants' conduct, Plaintiff suffered financial loss, anger, humiliation, embarrassment and severe emotional distress.
91.    Defendants are liable for all such harm.


COUNT NINE
FOURTEENTH AMENDMENT - 42 USC Sec. 1983

92.    Plaintiff incorporates by reference the allegations above, as if fully restated herein.
93.    Defendant Deputy Andrew Love enforced what he claimed to be the law
94.    Defendant Deputy Andrew Love used his lawful authority to enforce an

text_0

agenda.

95.     Defendant Deputy Andrew Love abridge the privileges and or immunities of the plaintiff.

96.     As a direct result of Defendants' conduct, Plaintiff suffered financial loss, anger, humiliation, embarrassment and severe emotional distress.

97.     Defendants are liable for all such harm.

COUNT TEN

PUNITIVE DAMAGES

98.     Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

99.     Defendants acted with malice, in bad faith and with the specific intention to harm Plaintiff.

100.    Plaintiff was actually harmed as a direct result of Defendants' actions.

101.    Plaintiff is entitled to punitive damages for suffering from Defendants' actions.

COUNT ELEVEN
Emotional and physical distress

102.    Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

103.    Defendants Deputy John Doe are as yet an unidentified party whose actions or inactions contributed to the injury suffered by Plaintiff as alleged in this Complaint.

104.    The currently unidentified John Doe are liable to Plaintiff for his injuries.

CONCLUSION

Wherefore, Plaintiff prays for the Court to do the following:

105.    Enter Judgment for Plaintiff against Defendants;

106.    Award compensator damages to Plaintiff in an amount greater than twenty-five thousand dollars ($25,000);

107.    Award punitive damages to Plaintiff in an amount greater than twenty-five thousand dollars ($25,000);

108.    Such other relief to which Plaintiff is entitled.

Respectfully submitted,
Sean McIntyre
Address

text_0

~~JURY DEMAND~~
Plaintiff Sean McIntyre, ~~by hereby demands a trial by jury on all issues triable to a jury.~~

I want certified mail

Sean McIntyre    1-20-23

Page 10